**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Dean Bartley, ) | No. CV 06-2559-PHX-SMM (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Arizona State, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jason Dean Bartley, who is confined in the Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 followed by an Application to Proceed *In Forma Pauperis*.[1] (Doc.# 1, 5.)[2] The Court will order Defendant Arpaio to answer Counts I, II (in part) and III of the Complaint and will dismiss Count II (in part) and the remaining Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). (Doc.# 5.) Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.66. The

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10, 1995). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2] "Doc.#" refers to the docket number of filings in this action.

**TERMPSREF**

1 remainder of the fee will be collected monthly in payments of 20% of the previous month's
2 income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The
3 Court will enter a separate Order requiring the appropriate government agency to collect and
4 forward the fees according to the statutory formula.

5 **II.     Statutory Screening of Prisoner Complaints**

6 The Court is required to screen complaints brought by prisoners seeking relief against
7 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
8 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
9 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
10 be granted, or that seek monetary relief from a defendant who is immune from such relief.
11 28 U.S.C. § 1915A(b)(1), (2).

12 **III.    Complaint**

13 Plaintiff alleges three claims for relief regarding his conditions of confinement.
14 Plaintiff sues the State of Arizona, Maricopa County, Maricopa County Sheriff Joseph M.
15 Arpaio and the Maricopa County Sheriff's Office. Plaintiff seeks compensatory, punitive
16 and injunctive relief.

17 **IV.     Failure to State a Claim**

18 To state a claim under § 1983, a plaintiff must allege (1) that the conduct about which
19 he complains was committed by a person acting under the color of state law and (2) that the
20 conduct deprived the plaintiff of a federal constitutional or statutory right. Wood v.
21 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his
22 own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"
23 Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting
24 Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he
25 suffered a specific injury as a result of the conduct of a particular defendant and he must
26 allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
27 Goode, 423 U.S. 362, 371-72, 377 (1976).

28

### A.   Hart v. Hill

Plaintiff seeks relief in part based on rulings in Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz 1995). Jurisdiction to enforce the judgment in Hart is retained by the court that entered it, Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004), and Plaintiff may not enforce the decree entered in Hart in a separate civil rights action, Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Moreover, standing alone, remedial orders, such as that entered in Hart, cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Rather, remedial decrees are the means by which unconstitutional conditions are corrected. Id. at 1123. For these reasons, Plaintiff may not properly seek § 1983 relief to enforce Hart in this action; instead, he must allege violations of particular constitutional rights.

### B.   State of Arizona

On the face of his Complaint, Plaintiff names the State of Arizona as a Defendant. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued for damages in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Furthermore, a state is not a 'person' within the meaning of § 1983." Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*) (citation omitted). Accordingly, the State of Arizona will be dismissed.

### C.   Maricopa County Sheriff's Office

On the face of his Complaint, Plaintiff also names the Maricopa County Sheriff's Office (MCSO) as a defendant; however, MCSO is not a proper Defendant. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff, see A.R.S. §§ 11-441(A)(5), 31-101, and on the county, see A.R.S. §§ 11-251(8), 11-291(A). A sheriff's office is simply an administrative creation of the county sheriff to allow him to

1 carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.
2 Accordingly, MCSO will be dismissed from this action as a Defendant.

### D. Failure to Connect Allegations to Defendant Maricopa County

Although Maricopa County may properly be sued for constitutional violations, Plaintiff fails to state a claim against it. A municipality may not be held liable under § 1983 unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)), cert. denied, 126 S.Ct. 2864 (2006). Plaintiff has not alleged that Maricopa County has enacted or enforced a policy, custom, or practice that resulted in the denial of his civil rights. Thus, he fails to state a claim against Maricopa County and it will be dismissed.

### E. Recreation

Plaintiff alleges in part in Count II that his constitutional rights have been violated because he has received outdoor recreation only twice a week rather than six days a week for an hour per day. (Doc.# 1 at 5.) The long-term denial of outdoor recreation and exercise can rise to the level of a constitutional violation. See Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir. 1996). In this case, Plaintiff admits that he receives outdoor recreation twice a week. (Doc.# 1 at 5.) Plaintiff fails to allege facts to support that he has experienced a long-term denial of outdoor recreation. See Hearns v. Terhune, 413 F.3d 1039, 1041 (9th Cir. 2005)

1  (some form of regular outdoor exercise satisfies the Constitution). In addition, Plaintiff has
2  not alleged how he was harmed by the lack of more opportunities for outdoor recreation. See
3  Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (to violate Due Process Clause, the
4  pretrial detainee must have suffered some harm or disability from the condition), cert. denied,
5  125 S.Ct. 2961 (2005). Accordingly, that portion of Count II will be dismissed.

## V.    Claims for Which an Answer Will be Required

Plaintiff alleges that the meals served to inmates provided insufficient nutrition, frequently contained spoiled items, consistently included undercooked and bloody chicken, and were prepared and/or served by inmates infected with Hepatitis C or other diseases, who did not wear gloves. (Doc.# 1 at 4.) He alleges that as a result, he was exposed to food poisoning, suffered nausea, indigestion and headaches from eating the meals and was constantly hungry from inadequate food. (Id.) In Counts II (in part) and III, Plaintiff alleges that severe overcrowding, with up to three times the intended number of inmates confined to a cell and in a pod, posed a high risk from assault and unsanitary conditions. (Id. at 5, 6.) He further alleges that there were insufficient showers, sinks and toilets, that insufficient sanitary drinking water was available to inmates, and that he suffered sleeplessness because lights were constantly on and the temperatures were so cold. (Id.) He alleges that showers are moldy, the pods filthy and that inadequate cleaning supplies are provided. (Id.) He also alleges that spiders bite inmates and mice eat commissary items purchased by inmates. (Id.) Plaintiff alleges that he suffered illness and skin infections due to the lack of sanitation. (Id.) Plaintiff alleges that Arpaio's policies and procedures resulted in the alleged constitutional violations. (Id. at 7.) Plaintiff sufficiently states claims regarding these conditions of confinement against Arpaio, who will be required to answer.

## VI.   Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
2 in dismissal of this action.

3 **B.    Address Changes**

4 Plaintiff must file and serve a notice of a change of address in accordance with Rule
5 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
6 relief with a notice of change of address.  Failure to comply may result in dismissal of this
7 action.

8 **C.    Copies**

9 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
10 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
11 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
12 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
13 may result in the filing being stricken without further notice to Plaintiff.

14 **D.    Possible Dismissal**

15 If Plaintiff fails to timely comply with every provision of this Order, including these
16 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
17 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
18 comply with any order of the Court).

19 **IT IS ORDERED:**

20 (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 5.)

21 (2)  As required by the accompanying Order to the appropriate government agency,
22 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.66.

23 (3)  Count II (in part) and Defendants State of Arizona, Maricopa County, and
24 Maricopa County Sheriff's Office are **dismissed** without prejudice.

25 (4)  Defendant Arpaio must answer Counts I, II (in part) and III.

26 (5)  The Clerk of Court must send Plaintiff a service packet including the Complaint
27 (doc.# 1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

28 (6)  Plaintiff must complete and return the service packet to the Clerk of Court within

1 20 days of the date of filing of this Order. The United States Marshal will not provide
2 service of process if Plaintiff fails to comply with this Order.

3 (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
4 service of the Summons and Complaint on a Defendant within 120 days of the filing of the
5 Complaint or within 60 days of the filing of this Order, whichever is later, the action may be
6 dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

7 (8) The United States Marshal must retain the Summons, a copy of the Complaint,
8 and a copy of this Order for future use.

9 (9) The United States Marshal must notify Defendants of the commencement of this
10 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
11 Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The
12 Marshal must immediately file requests for waivers that were returned as undeliverable and
13 waivers of service of the summons. If a waiver of service of summons is not returned by the
14 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
15 Marshal must:

16 (a) personally serve copies of the Summons, Complaint, and this Order upon
17 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and
18 (b) within 10 days after personal service is effected, file the return of service
19 for the Defendant, along with evidence of the attempt to secure a waiver of service of
20 the summons and of the costs subsequently incurred in effecting service upon the
21 Defendant. The costs of service must be enumerated on the return of service form
22 (USM-285) and must include the costs incurred by the Marshal for photocopying
23 additional copies of the Summons, Complaint, or this Order and for preparing new
24 process receipt and return forms (USM-285), if required. Costs of service will be
25 taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the
26 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

27 (10) **A Defendant who agrees to waive service of the Summons and Complaint**
28 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)  Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)  This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 29th day of January, 2007.

_____
Stephen M. McNamee
United States District Judge

TERMPSREF